UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br><br>        Plaintiff,<br><br>  v.<br><br>BTK PROPERTIES LLC., *et al*.,<br><br>        Defendants. | Case No. 2:16-cv-01600-JCM-VCF<br><br>ORDER |

Presently before the court is defendant Red Rock Financial Services, LLC's ("Red Rock") motion to dismiss. (ECF No. 15). Plaintiff Bank of America, N.A. ("BANA") filed a response. (ECF No. 31). Red Rock has not replied, and the period to do so has since passed.

Also before the court is defendant View of Black Mountain Homeowners Association's (the "HOA") motion to dismiss. (ECF No. 17). BANA filed a response (ECF No. 32), to which the HOA replied (ECF No. 38).

**I.   Facts**

This case involves a dispute over real property located at 689 Principle Point Avenue, Henderson, Nevada 89102 (the "property"). On June 15, 2007, Carolyn Delon obtained a loan from Countrywide Bank, FSB in the amount of $246,976.00 to purchase the property, which was secured by a deed of trust. (ECF No. 7).

On August 4, 2011, Red Rock, acting on behalf of the HOA, recorded a notice of delinquent assessment lien, stating an amount due of $3,018.84. (ECF No. 7). On September 29, 2011, Red Rock recorded a notice of default and election to sell to satisfy the delinquent assessment lien, stating an amount due of $4,101.44. (ECF No. 7).

On November 10, 2011, an assignment of deed of trust was recorded wherein all beneficial interest in the deed of trust and note was assigned to BANA.  (ECF No. 7).  On November 16, 2011, BANA's prior counsel requested from Red Rock a payoff demand and account ledger.  (ECF No. 7).  On January 31, 2012, Red Rock responded stating a payoff amount due of $4,725.60.  (ECF No. 7).  BANA's prior counsel calculated the superpriority portion of the lien to be $810.00 and tendered that amount to Red Rock on February 9, 2012, which Red Rock allegedly rejected.  (ECF No. 7).

On October 3, 2014, Red Rock recorded a notice of trustee's sale, stating an amount due of $4,443.81.  (ECF No. 1 at 4–5).  On November 7, 2014, defendant Cascade Research Partners, LLC ("Cascade") purchased the property at the foreclosure sale for $87,100.00.  (ECF No. 7).  A trustee's deed upon sale in favor of Cascade was recorded on November 17, 2014.  (ECF No. 7).

On July 7, 2016, BANA filed a complaint (ECF No. 1), which it later amended on August 2, 2016 (ECF No. 7).  In the amended complaint, BANA alleges nine causes of action: (1) quiet title/declaratory judgment against Cascade; (2) preliminary and permanent injunction against Cascade; (3) unjust enrichment against Cascade; (4) wrongful foreclosure against the HOA and Red Rock; (5) negligence against the HOA and Red Rock; (6) negligence *per se* against the HOA and Red Rock; (7) breach of contract against the HOA; (8) misrepresentation against the HOA; and (9) tortious interference with contract against all defendants.  (ECF No. 7).

In the instant motions, Red Rock and the HOA both move to dismiss BANA's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  The court will address each in turn.

**II.     Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

In its motion, the HOA argues that the court should reject the holding in *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016) ("*Bourne Valley*"),

3

because the Nevada Supreme Court already interpreted NRS Chapter 116 as constitutional in *SFR Investment Pool 1 v. U.S. Bank*, 334 P.3d 408 (Nev. 2014) ("*SFR Investments*"). (ECF No. 16 at 2). In particular, the HOA contends that this court is bound by the Nevada Supreme Court's interpretation in *SFR Investments* of NRS § 116.3116 *et seq.* as constitutional. (ECF No. 16 at 2). The HOA thus maintains that BANA's facial challenge fails as a matter of law because the statute is valid. (ECF No. 16 at 7).

"It is well established that a state court's interpretation of its statutes is binding on the federal courts ***unless a state law is inconsistent with the federal Constitution***." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1012 (9th Cir. 2004) (citing *Adderley v. Florida*, 385 U.S. 39, 46 (1966)) (emphasis added). Here, the state statute at issue is inconsistent with the due process clause of the federal Constitution. Thus, *Bourne Valley* is binding on this court.

Next, the HOA argues that BANA's claims against the HOA for wrongful foreclosure, negligence, negligence *per se*, breach of contract, misrepresentation, and torturous interference with contract must be dismissed because BANA's failure to mediate pursuant to NRS 38.310 divests this court of subject matter jurisdiction. (ECF No. 17).

In response, BANA contends that NRS 38.310 is inapplicable to its claims and that Real Estate Division of the Nevada Department of Business and Industry's ("NRED") authority has expired. (ECF No. 32). In particular, BANA claims that it submitted a request for mediation to NRED on April 6, 2016, but NRED failed to schedule a mediation in the time period required under NRS 38.330(1). (ECF No. 32). Thus, BANA maintains that it constructively exhausted its administrative remedies. (ECF No. 32). In the alternative, BANA argues that the court should exercise its inherent power to control its docket to stay the instant matter if the court finds that compliance with NRS Chapter 38 is necessary. (ECF No. 32).

As a threshold matter, NRS 38.310 is an exhaustion statute that creates prerequisites for filing certain state-law claims, not a jurisdictional statute. *See, e.g.*, *Carrington Mortg. Servs., LLC, v. Absolute Bus. Sols., LLC*, No. 2:15–cv–01862–JAD–PAL, 2016 WL 1465339, at *3 (D. Nev. Apr. 14, 2016). Thus, NRS 38.310 cannot affect the court's subject matter jurisdiction. In the present case, subject matter jurisdiction is determined pursuant to 28 U.S.C. § 1332, under

which this court has diversity jurisdiction as the parties are diverse and the amount in controversy exceeds $75,000.00.  (*See* ECF No. 7).

As to NRS 38.310, the statute sets forth prerequisites for commencing a civil action and provides, in relevant part:

> No civil action based upon a claim relating to [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property . . . or [t]he procedures used for increasing, decreasing or imposing additional assessments upon residential property, may be commenced in any court in this State unless the action has been submitted to mediation.

Nev. Rev. Stat. § 38.310(1).  Subsection (2) continues by stating that a "court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1."  Nev. Rev. Stat. § 38.310(2).  Subsection (1) of NRS 38.330 states that "[u]nless otherwise provided by an agreement of the parties, mediation must be completed within 60 days after the filing of the written claim."  Nev. Rev. Stat. § 38.330(1).

While BANA has submitted a request for mediation, the parties have not participated in mediation.  Moreover, nothing in NRS 38.330 provides that NRED's failure to appoint a mediator within 60 days constitutes exhaustion, nor does the statute place the burden on NRED to complete mediation within a specified period of time.  Thus, BANA has not exhausted its administrative remedies and must mediate certain claims prior to initiating an action in court.  As to BANA's stay request, the statute is clear in providing that the court "shall" dismiss any civil action commenced in violation of subsection (1) of the statute.  Nev. Rev. Stat. § 38.310(2).

Further, NRS 38.350 expressly tolls the statute of limitations applicable to BANA's claims that are subject to mediation under NRS 38.310.  Specifically, NRS 38.350 provides that "[a]ny statute of limitations applicable to a claim described in NRS 38.310 is tolled from the time the claim is submitted to mediation . . . until the conclusion of mediation . . . of the claim and the period for vacating the award has expired." Nev. Rev. Stat. § 38.350.  Therefore, BANA's claims are not prejudiced by the statute's requirement that the parties participate in mediation prior to initiating an action in court.

As an initial matter, BANA's claim for injunctive relief (claim 2) will be dismissed without prejudice because the court follows the well-settled rule in that a claim for "injunctive

relief" standing alone is not a cause of action.  *See, e.g.*, *In re Wal-Mart Wage & Hour Emp't Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007); *Tillman v. Quality Loan Serv. Corp.*, No. 2:12-CV-346 JCM RJJ, 2012 WL 1279939, at *3 (D. Nev. Apr. 13, 2012) (finding that "injunctive relief is a remedy, not an independent cause of action"); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action.").  Injunctive relief may be available if BANA is entitled to such a remedy on an independent cause of action.  BANA's claim for injunctive relief will therefore dismissed.

BANA's claims for wrongful foreclosure, negligence, negligence *per se*, breach of contract, misrepresentation, and tortious interference with contract are civil claims as defined in NRS 38.300.  "An action is exempt from the NRS 38.310 requirements if the action relates to an individual's right to possess and use his or her property."  *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 558 (Nev. 2013).

"A wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself."  *McKnight Family, L.L.P.*, 310 P.3d at 559 (citing *Collins v. Union Fed. Sav. & Loan*, 662 P.2d 610, 623 (Nev. 1983)).  "The material issue in a wrongful foreclosure claim is whether 'the trustor was in default when the power of sale was exercised.'"  *Turbay v. Bank of Am., N.A.*, No. 2:12–CV–1367–JCM–PAL; 2013 WL 1145212, at *4 (quoting *Collins*, 662 P.2d at 623).  "Deciding a wrongful foreclosure claim against a homeowners' association involves interpreting covenants, conditions or restrictions applicable to residential property."  *McKnight Family, L.L.P.*, 310 P.3d at 559.  "This type of interpretation falls under NRS 38.310."  *Id.*  Additionally, NRS 38.310 applies to laws "contain[ing] conditions and restrictions applicable to residential property."  *Id.* at 558.

Similarly, BANA's claims for negligence, negligence *per se*, breach of contract, misrepresentation, and tortious interference with contract all involve interpreting terms set forth in the CC&Rs applicable to the property.  *See id.*  In particular, the negligence and negligence *per se* claims allege NRS violations, which require an interpretation of the regulations and statutes that contained conditions and restrictions applicable to the property so as to fall within

6

the scope of NRS 38.310. BANA's claims for breach of contract, tortious interference, and misrepresentation are based on alleged violations of obligations set forth in the CC&Rs and the terms and statements therein.

Consequently, BANA must first submit these claim to mediation before proceeding with a civil action. *See e.g.*, *U.S. Bank, N.A. v. Woodchase Condo. Homeowners Ass'n*, No. 215CV01153APGGWF, 2016 WL 1734085, at *2 (D. Nev. May 2, 2016); *Saticoy Bay, LLC Series 1702 Empire Mine v. Fed. Nat'l Mortg. Ass'n*, No. 214-cv-01975-KJD-NJK, 2015 WL 5709484, at *4 (D. Nev. Sept. 29, 2015). Accordingly, BANA's claims for wrongful foreclosure, negligence, negligence *per se*, breach of contract, misrepresentation, and tortious interference with contract will be dismissed without prejudice.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Red Rock's motion to dismiss (ECF No. 15) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that the HOA's motion to dismiss (ECF No. 17) be, and the same hereby is, GRANTED WITHOUT PREJUDICE consistent with the foregoing.

DATED THIS 28th day of February, 2017.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE