WRIGHT, FINLAY & ZAK, LLP
Edgar C. Smith, Esq.
Nevada Bar No. 5506
Aaron D. Lancaster, Esq.
Nevada Bar No. 10115
alancaster@wrightlegal.net
7785 W. Sahara Ave., Suite 200
Las Vegas, NV, 89117
(702) 475-7967; Fax: (702) 946-1345
*Attorneys for Plaintiff, Bank of America, N.A.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A.<br><br>Plaintiff,<br><br>vs.<br><br>CASCADE RESEARCH PARTNERS, LLC, a Nevada limited liability company; VIEW OF BLACK MOUNTAIN HOMEOWNERS ASSOCIATION, a Nevada non-profit company; RED ROCK FINANCIAL SERVICES, LLC, a Delaware limited liability company; and DOES I through X, and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No.: 2:16-cv-01600<br><br>**STIPULATION AND ORDER FOR LEAVE OF COURT FOR PARTIES TO AMEND COMPLAINT AND COUNTERCLAIMS** |

Pursuant to Rule 15 of the Federal Rules of Civil Procedure and Local Rule 15-1 Plaintiff, Bank of America, N.A. ("BANA"), through its counsel of record, Edgar C. Smith, Esq. and Aaron D. Lancaster, Esq., Cascade Research Partners, LLC ("Cascade"), through its counsel of record, Michael N. Beede, Esq., View of Black Mountain Homeowners Association ("HOA"), through its counsel of record Amber M. Williams, Esq., and Red Rock Financial Services, LLC, through its counsel of record David R. Koch, Esq. and Steven B. Scow, Esq. submit this Stipulation and Order for Leave of Court for parties to file amended pleadings, including the Plaintiff filing an Amended Complaint to reassert claims against the HOA related to the

completion of the NRED Mediation. A copy of the Plaintiff's proposed amended pleading is attached as Exhibit 1.

### A. INTRODUCTION

On February 28, 2017, the Court entered Order [ECF No. 48] pursuant to HOA's Motion to Dismiss [ECF No. 17]. Specifically, the Order granted the HOA's Motion to Dismiss regarding the following causes of action: (1) injunctive relief; (2) wrongful foreclosure; (3) negligence; (4) negligence per se; (5) breach of contract; (6) misrepresentation; and (7) tortious interference with contract. All of the above causes of action, except injunctive relief, were dismissed based NRS 38.310, and that these claims must first be submitted to mediation before proceeding with a civil action.

At the time the First Amended Complaint was filed on August 2, 2016 [ECF No. 7], and at the time all of the briefing had been completed regarding the HOA's Motion to Dismiss [ECF No. 17] the NRED Mediation had not been completed. Since the briefing relating to the HOA's Motion to Dismiss was before the Court the parties have participated in an NRED Mediation. The NRED Mediation was completed on January 4, 2017. The mediation was unsuccessful as no agreement was reached at the mediation. BANA therefore requests leave to amend to reassert causes of action against the HOA based on the completion of the NRED Mediation.

### B. STANDARD FOR LEAVE TO AMEND

FRCP 15 permits a party to amend its pleading by leave of court and states that "the court should freely give leave when justice so requires." FRCP 15(a)(2). The Ninth Circuit has approved of amendment in similar situations, stating that "a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000). Although district courts have discretion regarding whether to grant leave to amend, such leave should be granted with "extreme liberty." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990).

### C. **LEGAL SUPPORT**

Applying these well established principles, the Court should grant parties' request for leave to amend. Since filing the First Amended Complaint, the filing of the HOA's Motion to Dismiss, the parties have participated in an NRED Mediation. The Real Estate Division is ill-equipped to handle the onslaught of filings for mediation resultant from HOA litigation, resulting in substantial delay. The mediation is not complete and no agreement was reached at the mediation.

The Plaintiff's proposed Second Amended Complaint attached as Exhibit 1 reasserts those causes of action against the HOA that were dismissed pursuant to the Order {ECF No. 48], as BANA is challenging the validity of the lien sale conducted by the HOA and its agents. The parties therefore request that the Court grant its request for leave to file amended pleadings. Allegations in the original complaint were also modified to make the allegations consistent with the proposed changes.

WRIGHT FINLAY & ZAK

By: /s/ *Aaron D. Lancaster, Esq.*
    Aaron D Lancaster, Esq.
    7785 W. Sahara Ave, Suite 200
    Las Vegas, NV 89117
    *Plaintiff, Bank of America, N.A.*

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.

*/s/*
Amber M. Williams, Esq.
9900 Covington Cross Drive, Suite 120
Las Vegas, NV 89144
*Attorney for Defendant View of Black Mountain Homeowners Association*

THE LAW OFFICE OF MIKE BEEDE, PLLC

By: */s/*
    Michael N. Beede, Esq.
    2470 St. Rose Parkway, Suite 201
    Las Vegas, NV 89074
    *Attorneys for Defendant Cascade Research Partners, LLC*

KOCH & SCOW LLC

By: */s/*
David R. Koch, Esq.
Steven B. Scow, Esq.
Brody R. Wright, Esq.
11500 South Eastern Avenue, Suite 210
Henderson, NV 89052
*Attorneys for Red Rock Financial Services, LLC*

1 **ORDER**

2    **IT IS SO ORDERED.**

3 Dated this 24th day of July, 2017.

4

5                     UNITED STATES MAGISTRATE JUDGE